1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

ADRIAN JOHNSON,                           1:08-cv-00450 LJO DLB HC

               Petitioner,        FINDINGS AND RECOMMENDATION
                                          REGARDING PETITION FOR WRIT OF
    v.                                  HABEAS CORPUS

                                          [Doc. 1]
WARDEN,

               Respondent.
_____/

      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus
pursuant to 28 U.S.C. § 2254.

      Petitioner filed the instant petition for writ of habeas corpus on March 17, 2008, in the
United States District Court for the Eastern District of California, Sacramento Division.  (Court
Doc. 1.)  By order of March 27, 2008, the action was transferred to this Court.  (Court Doc. 4.)

      On November 2, 1999, in the Fresno County Superior Court, Petitioner was convicted of
battery resulting in serious injury in violation of California Penal Code § 243(d) and battery on
an emergency medical technician in violation of California Penal Code § 243(c).  Petitioner was
sentenced to 25-years-to-life.  In the instant petition, Petitioner raises the single claim that his
right to a jury trial was violated with respect to the aggravating factors used to enhance his
sentence.  (See Petition.)

      Petitioner has previously filed a petition for writ of habeas corpus in this Court on
February 6, 2006 in 1:06-cv-00131 OWW LJO HC, which was dismissed, with prejudice on July

1

1  17, 2006, and judgment was entered. (Court Docs. 25, 26.) On March 20, 2007, the United

2  States Court of Appeals for the Ninth Circuit denied a certificate of appealability. (Court Doc.

3  32.)

4       Because the current petition was filed after April 24, 1996, the provisions of the

5  Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current

6  petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997). A federal court must dismiss a second or

7  successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The

8  court must also dismiss a second or successive petition raising a new ground unless the petitioner

9  can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis

10  of the claim was not previously discoverable through due diligence, and these new facts establish

11  by clear and convincing evidence that but for the constitutional error, no reasonable factfinder

12  would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B).

13  However, it is not the district court that decides whether a second or successive petition meets

14  these requirements, which allow a petitioner to file a second or successive petition.

15       Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by

16  this section is filed in the district court, the applicant shall move in the appropriate court of

17  appeals for an order authorizing the district court to consider the application." In other words,

18  Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive

19  petition in district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996). This Court must

20  dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave

21  to file the petition because a district court lacks subject-matter jurisdiction over a second or

22  successive petition. Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v.

23  Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997), cert. denied, 117 S.Ct. 794 (1997); Nunez v.

24  United States, 96 F.3d 990, 991 (7th Cir. 1996).

25       A second or successive petition for habeas corpus is not considered "successive" if the

26  initial habeas petition was dismissed for a technical or procedural reason versus on the merits.

27  See Slack v. McDaniel, 529 U.S. 473, 485-87 (2000) (holding that a second habeas petition is not

28  successive if the initial habeas petition was dismissed for failure to exhaust); Stewart v.

1  Martinez-Villareal, 523 U.S. 637, 643-45 (1998) (a second habeas petition is not successive if the

2  claim raised in the first petition was dismissed by the district court as premature.)

3       As previous stated, the prior petition in 1:06-cv-00131-OWW-LJO-HC was denied, with

4  prejudice, as untimely in violation of 28 U.S.C. § 2244(d)(1), and judgment was entered.  (Court

5  Docs. 25, 26.)   Although a dismissal based on the statute of limitations does not include an

6  examination of the merits of the petition, it nonetheless operates and is equivalent to a final

7  judgment on the merits.  See e.g. Ellingson v. Burlington Northern Inc., 653 F.2d 1327, 1330 n.3

8  (9th Cir. 1981) ("[a] judgment based on the statute of limitations is 'on the merits', citing Mathis

9  v. Laird, 457 F.2d 926, 927 5th Cir. 1972), cert. denied, 409 U.S. 871 (1972)); In re Marino, 181

10  F.3d 1142, 1144 (9th Cir. 1999) (explaining that "for res judicata purposes a dismissal on statute

11  of limitations grounds can be treated as a dismissal on the merits.")  A dismissal based on

12  untimeliness under the statute of limitations bars further review of the action.  Therefore, because

13  the prior petition was adjudicated "on the merits", the instant petition is a "second or successive

14  petition" under § 2244(b) that must be dismissed, without prejudice, to re-filing if Petitioner

15  seeks and obtains approval in the Ninth Circuit Court of Appeals to file a second or successive

16  petition.

17                                    RECOMMENDATION

18       Based on the foregoing, it is HEREBY RECOMMENDED that:

19  1.     The instant petition for writ of habeas corpus be DISMISSED, without prejudice,

20         as a successive petition.

21       This Findings and Recommendation is submitted to the assigned United States District

22  Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of

23  the Local Rules of Practice for the United States District Court, Eastern District of California.

24  Within thirty (30) days after being served with a copy, any party may file written objections with

25  the court and serve a copy on all parties.  Such a document should be captioned "Objections to

26  Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served

27  and filed within ten (10) court days (plus three days if served by mail) after service of the

28  objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §

636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

**Dated:**   **April 14, 2008**                    _____ **/s/ Dennis L. Beck** _____
UNITED STATES MAGISTRATE JUDGE